This is a suit in which plaintiffs, husband and wife, seek the recovery of damages resulting from an injury sustained by the wife who fell at or about the point where the sidewalk on one of the principal streets in Natchitoches, Louisiana, declined into a driveway. The City of Natchitoches, the owners of the property served by the driveway, the commercial partnership and its individual members who were the lessees of the property, and the Bonded Cab Company, an association, together with the individual members thereof, who were sub-lessees, and the cab company's insurer, were all made parties defendant. After the filing of exceptions by the several defendants the suit was dismissed as to all parties except the City of Natchitoches, the owners of the property, and the commercial partnership and its members as lessees. No appeal has been taken by plaintiff from the judgment dismissing the suit as to the other parties defendant.
After trial on the merits there was judgment rejecting plaintiff's demands, from which plaintiffs have brought this appeal.
The facts are largely undisputed and on trial of the case it was established that as plaintiff was walking along the sidewalk in broad daylight between 4:30 and 5:00 o'clock on the afternoon of March 27, 1947, accompanied by her small son, who was slightly in advance of her, she sustained a fall as she was negotiating the slope of the sidewalk at the point where it declined into a driveway leading from the street into a privately owned lot used by a cab company.
As the basis of their claims plaintiffs contend that the cut or depression resulting from the construction of the driveway constitutes a hazard to the extent that the slope or decline is steep and abrupt, in consequence of which the safety of pedestrians passing along the walk and drive is endangered.
As against the parties defendant plaintiffs claim that the City of Natchitoches is liable in having permitted the driveway to be constructed in accordance with a dangerous and hazardous plan and in suffering a known hazard to continue to exist; that the property owners are similarly liable in permitting the hazard to be established and continued; and, finally, that the principal lessees from the property owners were liable by reason of having effected a change in the sidewalk to the extent of constructing two hazardous driveways traversing said sidewalk. *Page 288 
There is an additional allegation on the part of plaintiff, which appears to have been alternatively pleaded, to the effect that gravel or other unidentified substances thrown upon the sidewalk caused the plaintiff, Mrs. Sam Chance, to slip and fall. However, this point is eliminated as a factor by the testimony of Mrs. Chance herself in which she declared that it was the slope or decline which caused the fall. There is not the slightest evidence in the record which indicates the presence of any gravel or other substance at the point where the fall occurred.
Other facts pertinent and material to the consideration of this matter show that the driveway complained of had been in use for a period of at least six or seven years prior to the accident; that the sidewalk and drive at the point are one of the main traveled pedestrian passageways in the City of Natchitoches; that numerous other similarly constructed drives traversing sidewalks in the same city were in existence and had been in use for a long period of time; and, finally, the testimony of prominent citizens and officials of the City of Natchitoches conclusively established the fact that despite the use of the sidewalk and drive in question, over the period of some six or seven years by thousands of pedestrians, there was no knowledge on the part of any of these witnesses that any passerby at the point had ever before sustained a fall. The sidewalk is located adjacent to one of the busiest streets in Natchitoches and is shown to have been continuously used by the public without any accident or injury.
There appears to be no dispute as to the law, and counsel for plaintiffs concedes in brief the general ruling that a pedestrian is required to exercise ordinary care in negotiating the passage along sidewalks.
The facts in this case do not show any state of bad repair nor, indeed, the existence of any danger arising from carelessness in construction which would render cases condemning municipalities in damages applicable.
The District Judge found as a fact that plaintiffs had failed to establish any defect or danger with respect to the driveway. In this finding we heartily concur. The testimony preponderates overwhelmingly in favor of the defendants.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.